UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Keith Poe, # 29873A, | ) C/A No. 9:13-411-CMC-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| ~~State of South Carolina, County of York,~~ | ) |
| Bruce Bryant, *Sheriff of York County*, | ) |
| | ) |
| Respondent. | ) |

Petitioner is a pre-trial detainee at the York County Detention Center in York, South Carolina.[1] In the Amended Petition (ECF No. 7), Petitioner discloses that he has been charged with first-degree burglary and two counts of "Simple larceny enhancement, ob [*sic*], or money under False pretense." His attorney in the criminal matter is Jean F. Cronin of Rock Hill, South Carolina.

Petitioner raises three grounds in the Amended Petition: (I) ineffective assistance of counsel based on trial counsel's failure to investigate, pursue defense, challenge insufficiency of evidence, represent adequately, or be honest; (II) Petitioner does not meet the elements or requirement for a charge of first-degree burglary; and (III) Petitioner does not meet the requirements for a criminal conspiracy or to justify three criminal charges of larceny from one incident. Petitioner has also included a memorandum in support (ECF No. 7-1).

---



[1]Petitioner is a former inmate of the South Carolina Department of Corrections (SCDC Inmate No. 259297). Information disclosed in a prior habeas corpus action, *Richard Keith Poe v. South Carolina Department of Corrections, et al.*, Civil Action No. 0:08-1622-CMC-BM, indicates that Petitioner was released from the South Carolina Department of Corrections on October 1, 2008 (ECF No. 23 in Civil Action No. 0:08-1622-CMC-BM).

Petitioner indicates that he has attempted to file a motion to dismiss and a motion to relieve counsel, but those motions have been ignored. In an exhibit (ECF No. 1-1) attached to the original Petition, Petitioner was informed, by letter, that various motions submitted by Petitioner have not been filed by the Clerk of Court for York County because Petitioner is represented by counsel. *See, e.g., State v. Stuckey*, 333 S.C. 56, 508 S.E.2d 564, 564–65 (1998) (directing county clerks of court not to file *pro se* pleadings, other than a motion to relieve counsel, in cases where the litigant has counsel of record). Petitioner also indicates that he has filed a "complaint" (grievance) with the South Carolina Bar. In his prayer for relief, Petitioner seeks release based on "time served" for a misdemeanor.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972); *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even when considered under this less stringent standard, however, for the reasons set forth hereinbelow the Petition is subject to summary

2

dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Petitioner's criminal charges are pending in the Court of General Sessions for York County. The Court of General Sessions for York County is a court in the State of South Carolina's unified judicial system; *see* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875–76 & n. 1 (1988); and *Cort Indus. Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169–70 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[2] *Nivens v. Gilchrist*, 319 F.3d 151, 158–62 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989).

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be

---

[2]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992) ("However, *Taylor* is not the law in Texas."), *affirming Green v. State*, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).



3

presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Accord Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

In any event, Petitioner has not exhausted his state court remedies. In order to pursue a writ of habeas corpus in this Court under 28 U.S.C. § 2241 or 28 U.S.C. § 2254 (assuming that is what he has intended), Petitioner must first have exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion also required under 28 U.S.C. § 2241). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). Here, any adverse judgment in Petitioner's criminal case will not become final until he is convicted and sentenced. If Petitioner is convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873, 877–82 (2007). If his direct appeal is unsuccessful, Petitioner can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10 (Westlaw 2013), *et seq*. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an

4

"appeal" (petition for writ of *certiorari*) in that post-conviction case. *See* S.C. Code Ann. § 17-27-100 (Westlaw 2013);[3] and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535, 537–38 (1985).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349–52 (1989). Secondly, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170–73 (4th Cir. 1977).[4] Applications for post-conviction relief are to be filed in the Court of Common Pleas for the county in which a South Carolina prisoner was convicted in a Court of General Sessions.

Since Petitioner has not been convicted and, hence, has yet to exhaust at least four (4) viable state court remedies — a criminal trial, a direct appeal, an application for post-conviction relief, and an "appeal" (petition for writ of *certiorari*) in the post-conviction case, this Court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have

---

[3]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for *certiorari* in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearouse Advance Sheet # 19; *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431, 431 (2007) ("In appeals from criminal convictions or post-conviction relief matters, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.")(emphasis in original); and *Lee v. State*, 396 S.C. 314, 721 S.E.2d 442, 445–47 (S.C.Ct.App. 2011).

[4]In an application for post-conviction relief, Petitioner can raise issues relating to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984), and *Drayton v. Evatt*, 312 S.C. 4, 430 S.E.2d 517, 519–20 (1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel).

5

not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

## *Recommendation*

Accordingly, it is recommended that the Amended Petition (ECF No. 7) be dismissed *without prejudice* and without requiring Respondent to file an Answer or return. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." It is also recommended that the District Court deny a Certificate of Appealability.

Petitioner's attention is directed to the important notice on the next page.

March 5, 2013　　　　　　　　　　　Bristow Marchant
Charleston, South Carolina　　　　　United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



7